IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ITAI AARONSON, | ) Civil No. 06-3097-CL |
| Plaintiff, | ) OPINION AND ORDER |
| v. | ) |
| GOVERNOR OF THE STATE OF OREGON TED KULONGOSKI, et al. | ) |
| Defendants. | ) |

**PANNER, Judge.**

Plaintiff Itai Aaronson brings this pro se 42 U.S.C. § 1983 action against the Governor of Oregon, three judges, a district attorney, a sheriff, a state Policy and Technical Services Manager, and Aaronson's former defense counsel. Motions to dismiss were filed on behalf of six of the eight defendants. On March 28, 2007, Magistrate Judge Clarke filed his Report and Recommendation. Plaintiff timely objected. The matter is now before me for de novo review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

A.  **Eleventh Amendment**

This is a simple case that defense counsel needlessly complicates with a misguided excursion into the realm of the Eleventh Amendment.

1 - OPINION AND ORDER

The moving defendants contend that because the improper actions allegedly were committed during the course of their employment with the State, they necessarily acted in their "official capacity" and thus this action is barred by the Eleventh Amendment. Defendants are wrong.

For purposes of a § 1983 action, the question is not whether the defendant acted within the scope of his employment, *i.e.*, the capacity in which he allegedly inflicted the injury. Rather, the issue is the capacity in which the defendant is being sued. See Hafer v. Melo, 502 U.S. 21, 26 (1991). That the defendant acted under color of his office may bear on whether the Plaintiff can state a claim under § 1983, but is not dispositive on the question of Eleventh Amendment immunity.

"In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of the proceedings in such cases typically will indicate the nature of the liability sought to be imposed.'" Kentucky v. Graham, 473 U.S. 159, 167 n.14 (quoting Brandon v. Holt, 469 U.S. 464. 469 (1985)); Larez v. City of Los Angeles, 946 F.2d 630, 640 (9th Cir. 1991) (inferring from the pleadings that the plaintiff intended to sue the police chief in his individual capacity).

The Amended Complaint here does not specify the capacity in which each defendant is sued. Plaintiff does seek damages from each defendant. With rare exceptions not applicable here, "[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." Shoshone-Bannock

2 - OPINION AND ORDER

Tribes v. Fish & Game Commission, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994). A § 1983 claim against a public official in his individual capacity, for damages, is not barred by the Eleventh Amendment. Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990).

Plaintiff also seeks prospective injunctive relief against the defendants "to stop their unjust attacks." A claim seeking prospective injunctive relief from a state official ordinarily is characterized as an official capacity claim. The Eleventh Amendment does not bar a § 1983 action against a state officer, in his official capacity, for prospective injunctive relief to redress or prevent a violation of the United States Constitution. Ex Parte Young, 209 U.S. 123 (1908); Jackson v. Hayakawa, 682 F.2d 1344, 1350-51 (9th Cir. 1982). Although Plaintiff cites past acts by defendants as the justification for the requested injunction, the injunctive relief Plaintiff seeks is aimed at preventing future acts by these defendants. Whether Plaintiff can satisfy the minimum requirements to obtain injunctive relief is another matter, but that issue is separate from Eleventh Amendment immunity.

I conclude that Plaintiff is seeking damages from each moving defendant in his or her individual capacity, and prospective injunctive relief from each moving defendant in his or her official capacity. The Eleventh Amendment is not a sufficient basis for granting Defendants' motion to dismiss.

B. **Absolute Immunity**

   1. **Judges Arnold, Crain, and Purdy**

A judge is immune from civil liability for damages resulting from judicial acts. A judge does not forfeit that immunity

3 - OPINION AND ORDER

simply because the action he took allegedly was in error, or done maliciously, or exceeded his authority. Rather, he may be subject to liability only when he has acted in the clear absence of all jurisdiction. Mullis v. United States Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1985).

The Magistrate Judge correctly determined that the claims against Judges Arnold, Crain, and Purdy are premised entirely upon judicial acts performed by these judicial officers, for which they are immune from suit for damages. As for the requested injunctive relief, Plaintiff points to no circumstances that would permit this court to review decisions made by those judges or otherwise to interfere with their conduct of state court proceedings. The claims against Judges Arnold, Crain, and Purdy are dismissed with prejudice.

### 2. District Attorney Huddleston

A prosecutor is entitled to absolute immunity from claims for damages under § 1983 for conduct "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430 (1976), that occurs in the course of his role as an advocate for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Not everything a prosecutor does is protected by absolute immunity. See Milstein v. Cooley, 257 F.3d 1004 (9th Cir. 2001). Generally, acts associated with initiating and conducting a prosecution, and acting as an advocate for the state, are within the scope of prosecutorial immunity. Id. Absolute immunity also attaches to decisions not to prosecute particular cases, Roe v. City & County of San Francisco, 109 F.3d 578, 583-84 (9th Cir.

4 - OPINION AND ORDER

1997), and gathering evidence to present to the trier of fact, as opposed to gathering evidence to determine whether probable cause exists to arrest, Broam v. Bogan, 320 F.3d 1023, 1033 (9th Cir. 2003).

As with judges, a prosecutor is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. Cf. Imbler, 424 U.S. at 416, 431 n.34 (prosecutor's "deliberate withholding of exculpatory information" and role in allegedly suborning perjury were shielded by absolute immunity).

The Magistrate Judge correctly concluded that the allegations against Defendant Huddleston fall within the scope of his absolute prosecutorial immunity. The claims against Huddleston therefore are dismissed with prejudice.

C.  **Governor Kulongoski and Andrea Simmons**

Plaintiff "concedes[s] his complaint for damages against Kulongoski and Simmons. . . is too vague,"[1] and asks that this claim be dismissed with leave to revive the claim "if at some later date facts . . . become available."

Plaintiff challenges the recommendation to dismiss his claim for injunctive relief against Governor Kulongoski and Simmons. In his objections to the Report and Recommendation, Plaintiff asks "this court to cause Simmons to determine if my home is

---

[1] Defendants' briefs erroneously presume that § 1983 requires the equivalent of state law fact pleading, rather than the notice pleading generally permitted by the Federal Rules of Civil Procedure. The notion of a heightened pleading standard in § 1983 cases has explicitly been rejected. See Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1055-56 (9th Cir. 2005).

5 - OPINION AND ORDER

still safe after the high voltage electrical discharges (in excess of the UL rating of the home electrical system) that were caused by the City of Ashland on September 6, 2006 and on two prior occasions" and "to cause Kulongoski to investigate the unsafe electrical supply conditions in my neighborhood and elsewhere in Oregon since . . . the same dangerous corrosion to underground supply cables that exist in my home and in my neighborhood exist in many other areas of the State of Oregon."

Plaintiff has not cited--and the court is unaware of--any legal authority that would permit it to grant such relief. Accordingly, this claim must be dismissed for failure to state a claim.

## Conclusion

Magistrate Judge Clarke's Report and Recommendation (docket # 33) is adopted, as modified above. The motion (# 7) to dismiss is granted as to defendants Arnold, Crain, Purdy and Huddleston, Kulongoski, and Simmons. The dismissals are with prejudice, except for the claim seeking damages from Defendant Kulongoski.

IT IS SO ORDERED.

DATED this 10th day of May, 2007.

*[signature]*
Owen M. Panner
United States District Judge